```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION


UNITED STATES OF AMERICA                              PLAINTIFF

     V.                       No. 07-50006-001

DOMINGO RUBIO CHAVEZ                                  DEFENDANT
```

### ORDER

Now on this 15th day of June, 2007, comes on for consideration a **Motion Objecting To Career Offender Penalty Enhancemment (sic) And To Denial Of Downward Departure For Role In The Offense** (Document 18) and a **Motion Objecting To Drug Ammount (sic) Determination** (Document 19) -- both of which were filed this date by defendant, Domingo Rubio Chavez -- and the Court, being well and sufficiently advised, finds and orders as follows with respect to the same:

    1.  After defendant pleaded guilty, a presentence investigation was ordered by the Court.

The record shows that the Presentence Investigation Report prepared by U.S. Probation Officer, Michael W. Hudson, was mailed to defendant's counsel on or about April 23, 2007, together with the advice that any objections thereto should be filed within fourteen (14) days of receipt of same.

The record further shows that on April 30, 2007, the Court issued its scheduling notice advising all concerned that the date

for sentencing would be June 20, 2007.

Finally, the record shows Mr. Hudson's addendum to the Presentence Investigation Report, dated June 6, 2007, in which he states:

> No written objections have been filed by (defendant's counsel). In a previous phone conversation, (defendant's counsel) had questions about the Career Offender enhancement as contained in paragraph 22 of the report. However, no specific objections have been submitted and the deadline for filing objections has passed.

There is no reason to suspect that defense counsel did not receive the Presentence Investigation Report in due course -- and in no event later than April 30, 2007. Accordingly, it would appear that any objections to the same should have been made, in writing, on or before May 14, 2007. As already noted, none had been made by June 6, 2007 -- well after the deadline for same.

2. The motions herein addressed appear to the Court to be nothing more than attempts to make objections to the Presentence Investigation Report out of time -- and well after the deadline for same. That tactic will not be permitted.

The reason parties are told to make objections to the Presentence Investigation Report within fourteen (14) days after their receipt of same should be obvious -- i.e. in order to give the opponent, the probation officer and the Court proper time to consider the objections before the scheduled date for sentencing. If a party ignores that requirement and offers no excuse or reason for doing so, the Court will not permit the assertion of objections out of time -- and certainly not if they are cloaked

in the guise of "motions".

If a defendant has a basis for requesting more time in which to assert objections to the Presentence Investigation Report, then it might well be appropriate -- within the said fourteen (14) day time period -- to file a motion requesting more time in which to file objections.  However, the Court does not believe that the Federal Rules of Criminal Procedure -- nor accepted practice before this Court -- allow objections, themselves, to be filed by motion.  Accordingly, this Court will not permit that practice.

3.  It follows, therefore, that the said motions should and will be denied as being improper attempts to assert objections out of time.

**IT IS THEREFORE ORDERED** that the **Motion Objecting To Career Offender Penalty Enhancemment (sic) And To Denial Of Downward Departure For Role In The Offense** (Document 18) and the **Motion Objecting To Drug Ammount (sic) Determination** (Document 19) are hereby **denied** for the reasons stated above.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE