IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

V.                        Case No. 5:07-CR-50006-TLB-MEF

DOMINGO RUBIO-CHAVEZ                                              DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed September 7, 2016. (Doc. 40) The United States filed its response on October 6, 2016. (Doc. 46) Petitioner did not file any reply. The matter is ready for Report and Recommendation.

**I. Background**

On January 10, 2007, Defendant/Petitioner, Domingo Rubio-Chavez ("Rubio-Chavez"), was named in a two-count Indictment charging him with re-entering the United States, having been previously deported subsequent to an aggravated felony conviction, without obtaining the express consent of the Secretary of the Department of Homeland Security to re-enter the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), 6 U.S.C. §§ 202(3) and (4), and 6 U.S.C. § 557 (Count 1), and with aiding and abetting possession of 50 grams or more of a mixture or substance containing methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2 (Count 2). (Doc. 2) Rubio-Chavez appeared for arraignment before the Hon. James R. Marschewski on January 16, 2007, at which time he entered a not guilty

plea. (Doc. 4) The Court appointed Janet Riefkohl Spencer ("Spencer") to represent Rubio-Chavez. (Doc. 6) Rubio-Chavez was already in state custody, so the issue of detention was moot, and he was ordered detained and remanded to the custody of the United States Marshal's Service. (Doc. 5)

Spencer filed a Motion for Discovery on behalf of Rubio-Chavez on January 22, 2007. (Doc. 7) The government responded to Rubio-Chavez's discovery request on January 26, 2007, and it requested reciprocal discovery from Rubio-Chavez. (Docs. 11-13)

On February 16, 2007, Rubio-Chavez appeared with counsel before the Hon. Jimm Larry Hendren, for a change of plea hearing. (Doc. 16) A written Plea Agreement (Doc. 15) was presented to the Court, and Rubio-Chavez pleaded guilty to Count 2 of the Indictment charging him with aiding and abetting possession with intent to distribute more than 50 grams of methamphetamine. (Doc. 16) The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report ("PSR"). (Doc. 16)

A PSR was prepared by the United States Probation Office on April 23, 2007. (Doc. 44) No objections to the PSR were made by either the government or Rubio-Chavez. (Doc. 44, p. 13) The PSR determined that Rubio-Chavez was accountable for 442.75 grams of methamphetamine, and his Base Offense Level was determined to be 30. (Doc. 44, ¶¶ 10, 12, 14) After a three level reduction for acceptance of responsibility, Rubio-Chavez's Total Offense Level was determined to be 27 (Doc. 44, ¶¶ 20-21); but, having two previous felony convictions for controlled substance offenses as defined in U.S.S.G. § 4B1.2(b), his Total Offense Level was enhanced to 31 based on a determination that he was a career offender pursuant to U.S.S.G. § 4B1.1. (Doc. 44, ¶ 22) Rubio-Chavez's criminal history resulted in a criminal history score of 7, placing him in Criminal History Category IV; however, due to his status as a Career Offender, he was determined to be in Criminal

History Category VI pursuant to U.S.S.G. § 4B1.1(b). (Doc. 44, ¶¶ 25-28) The statutory range for the offense of conviction called for a mandatory minimum of five years and a maximum of 40 years imprisonment. (Doc. 44, ¶ 41) Rubio-Chavez's advisory guideline range was 188 to 235 months imprisonment. (Doc. 44, ¶ 42)

On June 15, 2007, Spencer filed two motions on behalf of Rubio-Chavez, one objecting to the career offender designation and seeking a downward departure (Doc. 18), and the other objecting to the determination of the base offense level (Doc. 19). Judge Hendren found these motions to be untimely objections to the PSR "cloaked in the guise of 'motions'", and they were denied by the Court on June 15, 2007. (Doc. 20)

Rubio-Chavez appeared for sentencing on June 20, 2007. (Doc. 21) The Court made inquiry that Chavez was satisfied with his counsel; granted the government's motion for a two-level downward departure; expressed final approval of the Plea Agreement; and, the Court imposed a below-guidelines sentence of 151 months imprisonment, five years supervised release, a $3,000.00 fine, and a $100.00 special assessment. (Doc. 21) An inaccurate Judgment was entered by the Court on June 21, 2007 (Doc. 22), and a corrected Amended Judgment was entered on June 22, 2007. (Doc. 23) Rubio-Chavez did not pursue a direct appeal from the Judgment.

On September 7, 2016, over nine years after the Amended Judgment was entered, Rubio-Chavez filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion"). (Doc. 40) The motion raises four grounds for relief, which can be condensed as follows: (1) that he is entitled to a reduction of his sentence under *Johnson v. United States*, 135 S.Ct. 2551, 190 L.Ed.2d 718 (2015), and (2) that he has not received proper credit for 295 days he served while in federal custody before his sentence was imposed.

The United States' response to the motion was filed on October 6, 2016. (Doc. 46) Rubio-Chavez did not file any reply.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Rubio-Chavez's Motion and the files and records of this case conclusively shows that Rubio-Chavez is not entitled to relief, and the undersigned recommends the denial and dismissal of his Motion without an evidentiary hearing.

### A. Timeliness

The United States argues that Rubio-Chavez's Motion should be dismissed as untimely. The undersigned concludes that the motion is untimely, and not only for the reason asserted by the Government.

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**1. Timeliness Under *Johnson***

The United States perceives the operative date in this case as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under § 2255(f)(3). It argues that since *Johnson* was decided on June 26, 2015, any motion seeking relief under *Johnson* must be filed on or before June 26, 2016; and, since Rubio-Chavez waited until September 7, 2016 to file his motion, more than one year passed before the filing of the instant motion. The undersigned agrees. Even taking into account the "prison mailbox rule," which provides that "[a] paper filed by an inmate confined to an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing," *see* Rule 3(d), Rules Governing Section 2255 Proceedings, Rubio-Chavez's motion is untimely. Rubio-Chavez certified that he placed his motion in the prison mailing system on August 24, 2016, a date nearly two months past the end of the one year limitation period after the *Johnson* decision.

### 2. *Johnson* is Not Applicable

A review of Rubio-Chavez's PSR shows that his advisory guidelines range did not include an enhancement under either the unconstitutional residual clause of the ACCA or the identically worded residual clause of the career offender guideline in U.S.S.G. § 4B1.2(a)(2). Instead, Rubio-Chavez's status as a career offender was based upon his two previous felony convictions for controlled substance offenses as defined in U.S.S.G. § 4B1.2(b). (Doc. 44, ¶¶ 22, 26, 27, 28) *See Gause v. United States*, 2016 WL 775298, *2 (D.S.C. 2016) (*Johnson* involved the constitutionality of the residual clause of the Armed Career Criminal Act, not felony drug convictions). There is, therefore, no basis upon which Rubio-Chavez could seek to benefit from the Supreme Court's ruling in *Johnson*, and the actual operative date for the one year limitations period is the date on which Rubio-Chavez's judgment of conviction became final.

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). The Amended Judgment in this case was entered on June 22, 2007. Had Rubio-Chavez wished to file an appeal, he was required to do so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Rubio-Chavez did not file an appeal, and his judgment of conviction thus became final on July 7, 2007. *See Murray v. United States*, 313 Fed. Appx. 924 (8th Cir. 2009). From that date, Rubio-Chavez had one year, or until July 7, 2008, to timely file his § 2255 habeas petition. Rubio-Chavez waited until September 7, 2016 to file the instant motion - eight years and two months after the limitations period expired. Because the motion has been filed beyond the one year period of limitation, the Court lacks jurisdiction to consider the merits of Rubio-Chavez's claims, and the motion should be summarily dismissed.

Timeliness is crucial to the consideration of a motion made under § 2255. *See, e.g., Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at pp. 2-3 (W.D. Mo. Jan. 26, 2010) (unpublished), in which the Government's motion to dismiss petitioner's § 2255 motion was granted where the motion was filed *one day* out of time. "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways - you can be sure [petitioner] would not be pooh-poohing the prosecution's tardiness if he had been indicted one day after the statute of limitations expired for his crimes." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Here, of course, we are not dealing with Rubio-Chavez just missing the limitations deadline by one day, but by a period of over eight years. Consequently, unless either statutory or equitable tolling applies, the motion was not timely filed and should be summarily dismissed.

**3. Statutory Tolling is Not Applicable**

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2-4). The § 2255 Motion filed by Rubio-Chavez sets forth nothing in support of any of these grounds to extend the one year limitations period. There is, therefore, no

factual basis to find that any of the § 2255(f)(2-4) statutory provisions apply to this case to extend the one year limitations period beyond the date when the judgment of conviction became final. Unless equitable tolling applies, the motion was not timely filed and should be dismissed.

### 4. Equitable Tolling is Not Applicable

The Eighth Circuit has held that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Rubio-Chavez has not alleged that any extenuating circumstances beyond his control prevented a timely filing, nor has he even relied on the doctrine of equitable tolling. He does not claim that some Government action made it impossible or difficult for him to uncover the facts that he now asserts in support of his claims. He does not allege that the Government somehow lulled him into inaction. He does not refer to any extraordinary circumstances, attributable to the Government or to any other external cause, that prevented him, in the exercise of reasonable diligence, from discovering the facts upon which his claims are based soon enough to enable him to bring a timely habeas petition. In sum, Rubio-Chavez has failed to allege and establish any factual basis whatsoever to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 motion should be dismissed.

### B. Challenge to Calculation of Sentence is Not Cognizable Under § 2255

Rubio-Chavez also challenges the administration and execution of his sentence by the Bureau of Prisons ("BOP"). He claims that he has not received proper credit for 295 days he served in federal custody prior to his sentencing. For the reasons discussed below, this Court lacks jurisdiction to consider Rubio-Chavez's motion concerning the computation and execution of his sentence.

After a district court sentences a federal offender, the United States Attorney General, through the BOP, has the responsibility of administering the sentence imposed. *See* 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992). The Attorney General computes the amount of jail credit after a defendant begins serving his sentence. *Id*. Prisoners are entitled to administrative review of the computation of their credits. *See* 28 C.F.R. §§ 542.10-542.16. After properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Id*.; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). An attack on the execution of a sentence, rather than the validity of the sentence itself, is not properly cognizable in a motion to set aside, vacate, or correct a sentence pursuant to 28 U.S.C. § 2255. *See Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995). If a prisoner chooses to file a petition under § 2241, he must do so in a court with jurisdiction over his present custodian. *Id*.

Rubio-Chavez is currently serving his sentence in a correctional institution in Pecos, Texas. (Doc. 40, p. 1) His BOP custodian, Warden Ricardo Martinez, is located in Pecos, Texas. The proper venue for judicial review of any claim brought pursuant to 28 U.S.C. § 2241 will lie in the United States District Court for the Western District of Texas. This Court lacks jurisdiction to consider Rubio-Chavez's request for relief.

28 U.S.C. § 1631 would permit this Court to transfer the current action to the District Court for the Western District of Texas "if it is in the interest of justice" to do so.  Given that Rubio-Chavez has already litigated this very issue in the United States District Court for the Western District of Texas, *Domingo Rubio v. Ricardo Martinez*, Case No. PE:14-CV-00051-RAJ, and the court there determined that he was not entitled to any relief nor a certificate of appealability (Doc. 9), the undersigned does not consider a transfer of the action to be in the best interest of justice.

### C.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985).  Such are the circumstances in this case where Rubio-Chavez has alleged virtually no facts to support his claims.  Accordingly, the undersigned recommends the summary dismissal of Rubio-Chavez's § 2255 motion without an evidentiary hearing.

### III.  Conclusion

For the reasons and upon the authorities discussed above, Rubio-Chavez's *Johnson* claim is untimely; his claims regarding the calculation and execution of his sentence are not cognizable under 28 U.S.C. § 2255; and, this Court lacks jurisdiction to consider his claims.  I recommend that Rubio-Chavez's motion, filed under 28 U.S.C. § 2255, be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

DATED this 23rd day of December, 2016.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE