IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                      PLAINTIFF/RESPONDENT

V.                CASE NO. 5:07-CR-50006

DOMINGO RUBIO-CHAVEZ                     DEFENDANT/PETITIONER

ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 47) filed in this case on December 23, 2016, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, regarding Domingo Rubio-Chavez's *pro se* Motion to Vacate (Doc. 40), made pursuant to 28 U.S.C. § 2255. In the Motion, Rubio-Chavez, who was sentenced on June 20, 2007 to 151 months imprisonment for aiding and abetting and knowingly possessing more than 50 grams of methamphetamine, now argues that he is entitled to a reduction in his sentence due to the legal precedent established in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and because he allegedly failed to receive proper credit for 295 days he spent in federal custody before his sentence was imposed.

Judge Ford recommended that the Court deny the Motion to Vacate, and then set a deadline of January 9, 2017 to submit objections to the R&R. On January 17, 2017, Rubio-Chavez filed a second § 2255 Motion, rather than objections. The second motion sets forth no new claims and offers no new legal arguments, but instead reiterates Rubio-Chavez's original argument regarding *Johnson*: that he was wrongly sentenced as a career offender under the residual clause of the Armed Career Criminal Act or under

1

U.S.S.G. § 4B1.2(a)(2). As the R&R thoroughly explained, Rubio-Chavez's Motion to Vacate was filed nearly two months past the one-year limitations period for filing *Johnson* challenges, and, in any event, *Johnson* does not apply to Rubio-Chavez's case, as his status as a career offender was based on his two previous felony convictions for controlled substance offenses, not the unconstitutional residual clause. The Court therefore declines to construe Rubio-Chavez's second Motion to Vacate (Doc. 48) as objections to the R&R, as it fails to reference any of the proposed findings and recommendations of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C).

**IT IS THEREFORE ORDERED** that the R&R (Doc. 47) is **ADOPTED IN ITS ENTIRETY**, and Rubio-Chavez's first Motion to Vacate under 28 U.S.C. § 2255 (Doc. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that the second Motion to Vacate (Doc. 48) offers no new facts or law to distinguish it from the first motion to vacate, and it is therefore **DENIED AS MOOT**.

**IT IS SO ORDERED** on this 28th day of February, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE